# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

TODD BECKMAN,              )

                                  )

               **Plaintiff,**     )

                                  )     **Case No.   07SL-CC00424**

**v.**                          )

                                  )     **Division  13**

**GREAT NORTHERN INSURANCE**   )

**COMPANY, et al.,**             )

                                  )

               **Defendant.**    )

## VOLUNTARY DIMSISSAL OF DEFENDANT PORTER ENGINEERING AND RECONSTRUCTION CO., P.C. WITHOUT PREJUDICE

Comes now plaintiff, through counsel, Michael G. Berry, pursuant to Rule 67.02, and hereby dismisses defendant Porter Engineering and Reconstruction Co., P.C. without prejudice.

                             MICHAEL G. BERRY, L.L.C.

                             Michael G. Berry, #33790
                             Marshall V. Wilson, #38201
                             304 East High Street, Suite 100
                             P.O. Box 1606
                             Jefferson City, MO  65102
                             (573) 638-7272
                             (573) 638-2693 (Facsimile)

                             **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing document upon plaintiff by mailing a true copy thereof on this ____ day of June, 2008, via prepaid U.S. Mail, to David T. Ahlheim, James W. Childress & Associates, LLC, 1010 Market Street, Suite 500, St. Louis, MO 63101, attorney for plaintiff, and Paul J. Seele, 230 S. Bemiston, Suite 1000, St. Louis, MO 63105, attorney for defendant Porter Engineering and Reconstruction Co., P.C.

Michael O. Berry

2

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| TODD BECKMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | )    **Case No.   07SL-CC00424** |
| v. | ) |
| | )    **Division  13** |
| GREAT NORTHERN INSURANCE | ) |
| COMPANY, et al., | ) |
| | ) |
| Defendant. | ) |

## ENTRY OF APPEARANCE

Comes now Michael G. Berry, of the firm Berry Wilson, L.L.C., and hereby enters his appearance on behalf of plaintiff in the above-entitled matter.

MICHAEL G. BERRY, L.L.C.

Michael G. Berry, #33790
Marshall V. Wilson, #38201
304 East High Street, Suite 100
P.O. Box 1606
Jefferson City, MO  65102
(573) 638-7272
(573) 638-2693 (Facsimile)

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing document upon plaintiff by mailing a true copy thereof on this 5th day of June, 2008, via prepaid U.S. Mail, to David T. Ahlheim, James W. Childress & Associates, LLC, 1010 Market Street, Suite 500, St. Louis, MO 63101, attorney for plaintiff, and Paul J. Seele, 230 S. Bemiston, Suite 1000, St. Louis, MO 63105, attorney for defendant Porter Engineering and Reconstruction Co., P.C.

Michael G. Berry

2

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY 5 PM 12: 05
STATE OF MISSOURI

CIRCUIT CLERK

| | | |
|---|---|---|
| TODD BECKMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No.:** 07SL-CC00424 |
| | ) | **Division:** 13 |
| GREAT NORTHERN INSURANCE | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF HEARING

TO:   Mr. David Ahlheim
      Attorney for Defendants Great Northern,
            Chubb & Mortensen
      1010 Market Street, Suite 500
      St. Louis, MO 63101

      Mr. Paul J. Seele
      Attorney for Defendant Porter Engineering
      230 South Bemiston, Suite 1000
      St. Louis, MO 63105

PLEASE TAKE NOTICE that the undersigned will call up for hearing on the 6th day of

June, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, in Division 13 of the St.

Louis County Circuit Court, Plaintiff's Motion to Compel.

Bruce R. Bartlett, #42680
Attorney for Plaintiff
2601 Metro Boulevard
Maryland Heights, MO 63043
(314) 291-5400 Telephone
(314) 209-8202 Facsimile

**BECKMAN PLEADINGS FOR FILING OF REMOVAL WITH FEDERAL COURT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this _____ day of May, 2008, a true and correct copy of the foregoing was sent, via First Class US Mail, postage prepaid, to Mr. David Ahlheim, Attorney for Defendants Great Northern Insurance Company, Chubb & Son, Inc. and Steve W. Mortensen, 1010 Market Street, Suite 500, St. Louis, MO 63101 and to Paul J. Seele, Attorney for Defendant Porter Engineering, 230 South Bemiston, Suite 1000, St. Louis, MO 63105.

_____

2

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **TODD BECKMAN** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No.:**  **07SL-CC00424** |
| | ) | **Division:**   **13** |
| **GREAT NORTHERN INSURANCE** | ) | |
| **COMPANY**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO COMPEL

COMES NOW Plaintiff, by and through counsel, and pursuant to Missouri Rules of Civil Procedure and moves to compel Defendants Great Northern Insurance Company ("Great Northern") and Steve Mortensen ("Mortensen") to provide full and complete discovery responses within twenty (20) days.  In support thereof, Plaintiff states as follows:

1.      That Plaintiff mailed Interrogatories and Requests for Production of Documents to Defendants Great Northern and Mortensen on or about January 23, 2008.

2.      That Defendants Great Northern and Mortensen have not answered said Interrogatories and Requests for Production within the time required by the Rules of Civil Procedure.

3.      That, pursuant to local rule, Plaintiff has attempted to resolve this outstanding discovery dispute by telephone conference and/or correspondence and has been unable to resolve this dispute.

4.      On or about March 21, 2008 Defendants Great Northern and Mortensen filed Objections to each and every Request for Production of Documents and Interrogatories.

5.     Pursuant to Local Rules, Plaintiff has attempted to resolve this outstanding

discovery through telephone conference and through correspondence but has been unable to

resolve this dispute.

WHEREFORE, Plaintiff moves this Court to enter its order to compel Defendants Great

Northern and Mortensen to provide full and complete discovery responses, without objection,

within twenty (20) days; and for such further relief as this Court may deem just and proper.

Bruce R. Bartlett, #42680
Attorney for Plaintiff
2601 Metro Boulevard
Maryland Heights, MO 63043
(314) 291-5400 Telephone
(314) 209-8202 Facsimile

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 30th day of May, 2008, a true and correct copy of the
foregoing was sent, via First Class US Mail, postage prepaid, to Mr. David Ahlheim, Attorney
for Defendants Great Northern Insurance Company, Chubb & Son, Inc. and Steve W. Mortensen,
1010 Market Street, Suite 500, St. Louis, MO 63101 and to Paul J. Seele, Attorney for Defendant
Porter Engineering, 230 South Bemiston, Suite 1000, St. Louis, MO 63105.

2

**BECKMAN PLEADINGS FOR FILING OF REMOVAL WITH FEDERAL COURT**

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| **TODD BECKMAN** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **GREAT NORTHERN INSURANCE** | ) |
| **COMPANY**, et al., | ) |
| | ) |
| Defendants. | ) |

**Case No.:**    07SL-CC00424
**Division:**     13

## CERTIFICATE OF SERVICE

COMES NOW Plaintiff, by and through counsel, and hereby certifies that the following

documents:

- Plaintiff's Objections to Defendants Great Northern Insurance Company and

    Steve Mortensen's First Set of Interrogatories; and

- Plaintiff's Objections to Defendants Great Northern Insurance Company and

    Steve Mortensen's Request for Production of Documents

were served on Mr. David T. Ahlheim, Attorney for Defendants Great Northern Insurance

Company, Chubb & Son, Inc. and Steve W. Mortensen, on this _15th_ day of May, 2008 by

depositing same in the U.S. Mail, postage prepaid addressed to 1010 Market Street, Suite 500, St.

Louis, MO 63101.

Bruce R. Bartlett, #42680
Attorney for Plaintiff
2601 Metro Boulevard
Maryland Heights, MO 63043
(314) 291-5400 Telephone
(314) 209-8202 Facsimile

05·28·08

# in the
# CIRCUIT COURT
## of St. Louis County, Missouri



| | |
|---|---|
| Todd Beckman | 5/28/08 |
| Plaintiff(s) | Date |
| | 07SL-CC424 |
| vs. | Case Number |
| Great Northern Insurance Co., et al | 13 |
| Defendant(s) | Division |

For File Stamp Only

FILED

MAY 2 8 2008

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

Plaintiff seeks leave to file his Amended Petition.  Said Amended Petition is unclear as to which Counts apply to which Defendants.  Plaintiff is directed to amend within 15 days, (said amendment may be by interlineations sent to all Defendants and made to the original in the court file), each Wherefore clause for each Count to specify to which Defendant(s) the Count is directed.  Plaintiff may then request leave to file the clarified Amended Petition.


cc:  Bruce Bartlett
     David Ahlheim


**8**

**SO ORDERED**

| | |
|---|---|
| | Attorney _____ Bar No. ____ |
| | Address _____ |
| | Phone No. _____ Fax No. ____ |
| _____ | Attorney _____ Bar No. ____ |
| Judge | |
| **ENTERED:** ___5/28/08___ | Address _____ |
| (Date) | |
| CCOPR47  Rev. 5/95 | Phone No. _____ Fax No. ____ |

**BECKMAN PLEADINGS FOR FILING OF REMOVAL WITH FEDERAL COURT**



8

RECEIVED

MAY 3 0 2008

STATE OF MISSOURI        )
                         ) SS.
COUNTY OF ST. LOUIS      )

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

TODD BECKMAN,                    )
                                 )
            Plaintiff,           )    Cause No. 07SL-CC00424
                                 )
vs.                              )    Division 13
                                 )
GREAT NORTHERN INSURANCE         )
      COMPANY, ET AL.            )
                                 )
            Defendants.          )

TO:  Bruce Bartlett
     Attorney for Plaintiff
     2601 Metro Blvd.
     Maryland Heights, MO 63043

     David Ahlheim
     Attorney for Defendants Great Northern, et al
     1010 Market Street, Suite 500
     St. Louis, MO 63101

### NOTICE OF HEARING

**PLEASE TAKE NOTICE** that Plaintiff's Motion to Dismiss or in the alternative, For a More Definite Statement will be taken up and heard by the Circuit Court of the County of St. Louis, State of Missouri in Division 13 on the 6TH day of JUNE, 2008 at 9:00 a.m/p.m. or as soon thereafter as counsel may be heard.

PAUL J. SEELE, MBE#28755
Attorney for Defendant
Porter Engineering
230 S. Bemiston, Suite 1000
St. Louis, MO 63105
Phone: (314) 721-0081
Fax:   (314) 721-1474

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was mailed first class, postage prepaid via U. S. Mail this 28TH day of MAY , 2008 to Bruce Bartlett, Attorney for Plaintiff, 2601 Metro Blvd., Maryland Heights, MO 63043 and David Ahlheim, Attorney for Defendants Great Northern Insurance Company, Chubb & Son, Inc. and Steve W. Mortensen, 1010 Market Street, Suite 500, St. Louis, MO 63101.

**BECKMAN PLEADINGS FOR FILING OF REMOVAL WITH FEDERAL COURT**

RECEIVED

MAY 2 9 2008

RECEIVED AND FILED
ST. LOUIS
CIRCUIT COURT OF
ST. LOUIS COUNTY

STATE OF MISSOURI     )
                      ) SS.
COUNTY OF ST. LOUIS   )

2008 MAY 28  AM 11:54

JOAN M. GILMER
CIRCUIT CLERK

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

TODD BECKMAN,                      )
                                   )
          Plaintiff,               )   Cause No. 07SL-CC00424
                                   )
vs.                                )   Division 13
                                   )
GREAT NORTHERN INSURANCE           )
     COMPANY, ET AL.               )
                                   )
          Defendants.              )

### DEFENDANT PORTER ENGINEERING AND RECONSTRUCTION CO., PC'S MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

COMES NOW Defendant PORTER ENGINEERING AND RECONSTRUCTION CO. PC, by and through his attorney, and moves this Court for an Order Dismissing Plaintiff's Petition, or in the alternative, seeks a more definite statement from the Plaintiff.  In support of said Motion, Defendant's Counsel states as follows:

1.  That Plaintiff's Petition herein was filed on or about October 16, 2007, containing multiple counts against multiple Defendants, only one Count of which (Count V Conspiracy) names this Defendant as a party Defendant.

2.  This Defendant was only recently served with Summons on May 6, 2008, more than six months after the filing of the Petition. Plaintiff, in spite of knowing that the original summons against this Defendant was returned non-est on November 26, 2007 did not seek issuance and service of an Alias Summons until May 1, 2008.



3.   That this Defendant believes that Plaintiff named this Defendant as an additional Defendant for the sole purpose of defeating the potential removal of this litigation to federal court by joining a Defendant with Missouri residency.

4.   That Section 55.05 of the Missouri Rules of Civil Procedure require a factual statement for the basis of the claims made against a Defendant.  This Defendant is only mentioned in two paragraphs of the factual allegations of Plaintiff's Petition, being Paragraphs 20 and 21.  Plaintiff's allegations against this Defendant in Paragraph 20 states mostly a conclusion and Paragraph 21 is entirely speculative.  Paragraph 21 states that "Porter's agents ... then met with ... Chubb and Great Northern and, without justification, altered their determination that the Residence was a total loss".  There is no factual allegation of how, when or where they allegedly "met", or even who allegedly met.

5.   That at all relevant times to the issues before the court pursuant to Plaintiff's Petition, Defendant Porter Engineering was an agent of Defendant Chubb, contracted to provide a professional engineering opinion concerning Plaintiff's property.  Since Defendant Porter was an agent of Defendant Chubb, Plaintiff's allegation of Conspiracy against Defendant Porter fails.

6.   That Plaintiff's allegations contained in paragraphs 50 through 56 of Count V do not contain allegations of fact, but merely conclusions of law in an attempt to state the elements required under Missouri law to establish civil conspiracy.

7.   That Plaintiff's allegations in Count V fail to state a cause of action for which relief may be granted in that the allegations do not plead the essential elements of civil conspiracy under the laws of the State of Missouri.

8.   That Plaintiff's allegations in Count V fail to state a cause of action for which relief may be granted in that the alleged damages allegedly incurred by Plaintiff could not have been caused by Porter Engineering.  Plaintiff's alleged damages from the breach of contract by the Co-Defendants, whose denial of coverage is based on the alleged fraud, misrepresentation and concealment of Plaintiff by the Co-Defendant insurance company, is for complete denial of coverage, not whether the loss was a partial loss or full loss.  Defendant Porter Engineering's professional opinion was rendered regarding the sole issue of whether the structure was a total loss and in need of demolition or whether the structure could be reconstructed and thus only a partial loss.  No where in Porter Engineering's professional opinion did it state the causation of the explosion.  Consequently, even if Plaintiff's allegations against Porter Engineering were true in Paragraph 21 of the Petition (which they are not) in that Porter Engineering conspired with the Co-Defendants to change its opinion from total loss to partial loss, the damages alleged by Plaintiff are caused by the complete denial of coverage by the Co-Defendants, not whether the loss was a total loss or only a partial loss.  Porter Engineering's letter dated March 3, 2006 is attached hereto as Exhibit "A".

3

9.  Plaintiff's Petition fails to state a cause of action upon which relief may be granted in Count V against Defendant Porter Engineering in that Plaintiff fails to allege any specific acts of conspiracy by Defendant Porter Engineering.

WHEREFORE, Defendant, by and through counsel, respectfully moves this Honorable Court to Dismiss Plaintiff's Petition against Defendant Porter Engineering and Reconstruction Co., PC, or in the alternative, order that Plaintiff make all allegations against Defendant Porter Engineering definite and with sufficient detail as to comply with Rule 55.05 of the Missouri Rules of Civil Procedure, and for such other and further Orders as to this Court seems just in the premises.

PAUL J. SEELE, MBE#28755
Attorney for Defendant
Porter Engineering and
Reconstruction Co., PC
230 S. Bemiston, Suite 1000
St. Louis, Missouri  63105
(314) 721-0081 Phone
(314) 721-1474 Fax

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was mailed first class, postage prepaid via U. S. Mail this 28TH day of ___MAY___, 2008 to Bruce Bartlett, Attorney for Plaintiff, 2601 Metro Blvd., Maryland Heights, MO 63043 and David Ahlheim, Attorney for Defendants Great Northern Insurance Company, Chubb & Son, Inc. and Steve W. Mortensen, 1010 Market Street, Suite 500, St. Louis, MO 63101.

4

6

 BY LEAVE

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI        2008 MAY 27  PM 4: 46

TODD BECKMAN                    )
                               )              JOANN...  ...ER
        Plaintiff,             )              CIRCUIT CLERK
                               )
vs.                            )     **Case No.:**   **07SL-CC00424**
                               )     **Division:**   **13**
**GREAT NORTHERN INSURANCE**    )
**COMPANY, et al.**             )
                               )
        Defendants.            )

## AMENDED PETITION

COMES NOW Plaintiff Todd Beckman, by and through counsel, and for his

cause of action against Defendant Great Northern Insurance Company, states, alleges and

avers as follows:

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1.      Plaintiff Todd Beckman (hereinafter "Beckman") is an individual resident

of the County of St. Louis, State of Missouri.

2.      Defendant Great Northern Insurance Company (hereinafter "Great

Northern") is an insurance company organized and existing under the laws of Minnesota,

authorized to do business in the State of Missouri, and is in the business of underwriting

property and casualty insurance in the State of Missouri.

3.      Defendant Steve W. Mortensen (hereinafter "Mortensen"), believed to be

a resident of the County of Milwaukee, State of Wisconsin, is an individual who is an

agent, servant and/or employee of Chubb & Son Inc.

4.      Defendant Chubb & Son Inc. (hereinafter "Chubb") is a corporation

organized and existing under the laws of New York, authorized to do business in the



**BECKMAN PLEADINGS FOR FILING OF REMOVAL WITH FEDERAL COURT**

State of Missouri and is a division of Federal Insurance Company, manager of Great Northern Insurance Company.

     5.    Defendant Porter Engineering and Reconstruction Co., P.C. (hereinafter "Porter") is a professional corporation organized and existing under the laws of Missouri.

     6.    The property that is the subject matter of this litigation is located in the County of St. Louis, State of Missouri, thus venue is proper in this Court.

     7.    Plaintiff Beckman procured a policy of insurance from Defendant Great Northern for the real property commonly known and numbered as 905 Gregory Lane, Fenton, Missouri, 63026, in St. Louis County, Missouri (hereinafter the "Property") where he maintained a residence (hereinafter the "Residence").

     8.    The Property is currently encumbered by a lien held by ABN-AMRO. ABN-AMRO is a corporation in the business of lending money to consumers secured by liens against residences.

     9.    Plaintiff Beckman is the holder of policy number 12450307-01, issued by Great Northern for the policy period of October 8, 2005 to October 8, 2006, covering loss due to explosion, theft, vandalism, lightning, wind and hail (hereinafter the "Policy"). A copy of the Policy is attached hereto as Exhibit 1 and incorporated herein by reference.

     10.    Defendant paid a premium for the Policy and was current on all obligations under the Policy on the date of the damages and losses referenced below.

     11.    On or about February 4, 2006, an explosion occurred on the Property, causing significant and costly damage to the Residence (hereinafter the "Explosion").

     12.    Subsequent to the Explosion, the Property was vandalized and numerous items of personal property were stolen (hereinafter the "Theft").

2

13.     On or about April 2, 2006, the Property was further damaged and destructed by a weather storm (hereinafter the "Storm").  (The Explosion, Theft and Storm hereinafter collectively referred to as the "Events of Loss").

14.     Subsequent to the Explosion, the Residence has remained and continues to remain unfit for human occupancy.

15.     As a result of the Events of Loss, the Residence has sustained damages rendering it a total and complete loss.

16.     Beckman has incurred damages in excess of the limits of the Policy.

17.     Beckman notified Great Northern of the Events of Loss in a timely manner, submitted sworn proofs of loss and inventories, cooperated with Great Northern in the investigation of the claims and complied with all material terms of the Policy.

18.     Great Northern conducted a burdensome investigation and required Beckman to submit to over ten (10) hours of examination by counsel, provide sensitive personal information, provide personal and business financial records and produce numerous documents to Great Northern.

19.     On or about April 12, 2007, Great Northern issued a letter denying coverage under the Policy and rejecting Beckman's claims (hereinafter the "Denial Letter").  A copy of the Denial Letter is attached hereto as Exhibit 2 and incorporated herein by reference.

20.     Porter's agents, servants and/or employees inspected the Residence and initially determined the Residence to be a total loss.

3

21.     Porter's agents, servants and/or employees then met with the agents, servants and/or employees of Chubb and Great Northern and, without justification, altered their determination that the Residence was a total loss.

## COUNT I

## BREACH OF CONTRACT

22.     Plaintiff incorporates paragraphs 1 - 21 of his Petition by reference as though set forth in full.

23.     As of February 4, 2006, Beckman had paid all premiums due and owing under the Policy and Great Northern had accepted said premiums.

24.     Beckman has substantially performed his responsibilities pursuant to the Policy.

25.     Great Northern and Chubb have failed and refused to perform its obligations pursuant to the Policy and there remains a deficiency balance due under and pursuant to the Policy.

26.     Beckman was damaged as a result of Great Northern's and Chubb's breach of their agreement under the Policy.

WHEREFORE, Plaintiff prays judgment against Defendant in such sum as will adequately compensate Plaintiff for his loss of use of the Residence, living expenses, loss of value, costs to rebuild and/or repair the Residence and other damages in excess of $25,000, for attorneys' fees, pre-judgment interest, for his costs and such other and further relief as the Court may deem proper.

4

## COUNT II

### VEXATIOUS REFUSAL

27.     Plaintiff incorporates paragraphs 1 - 26 of his Petition by reference as though set forth in full.

28.     Beckman filed a timely claim for damages.

29.     On or about April 12, 2007, Great Northern, without reasonable justification or excuse, denied coverage for damages.

30.     Beckman has demanded that Great Northern and Chubb make payment under and in accordance with the terms and provisions of the Policy.

31.     Beckman is entitled to receive payment for the damages to the Residence, loss of personal property, costs of living and other damages pursuant to the Policy.

32.     Great Northern and Chubb have failed and refused, for a period in excess of thirty (30) days after due demand, to make payment under and in accordance with the terms and provisions of the Policy.

33.     Great Northern's and Chubb's refusal to make payment under and in accordance with the terms and provisions of the Policy is and was vexatious and without reasonable cause, entitling Beckman to recover attorneys' fees, interest and damages in addition to actual damages, as provided in Section 375.420 RSMo., in the amount of twenty percent (20%) up to the first one thousand five hundred dollars ($1,500.00) of the loss, and ten percent (10%) of the amount of loss in excess of one thousand five hundred dollars ($1,500.00) and a reasonable attorney's fee.

34.     As a direct and proximate result of Great Northern's refusal to pay, Beckman has been forced to incur attorneys' fees in an amount yet to be determined.

5

WHEREFORE, Plaintiff prays judgment against Defendant in such sum as will adequately compensate Plaintiff for his loss of use of the Residence, living expenses, loss of value, costs to rebuild and/or repair the Residence and other damages in excess of $25,000, for attorneys' fees, pre-judgment interest, for his costs and such other and further relief as the Court may deem proper.

## COUNT III

## SLANDER

35.    Plaintiff incorporates paragraphs 1 - 34 of his Petition by reference as though set forth in full.

36.    In correspondence to Beckman dated April 12, 2007 (Exhibit 2), Steve Mortensen, negligently, maliciously and/or in bad faith, stated that Beckman:

a.    *misrepresented* and *concealed* the facts and circumstances surrounding the lease and purchase of real estate located at 5016 Romaine Spring Drive;

b.    *misrepresented his financial condition at the time of the loss and preceding the loss, including, but not limited to, the amount of cash in his bank accounts and the profitability of certain transactions, and concealed the sources of money used for transactions;*

c.    *misrepresented the circumstances of the loss, his discovery of the loss, and his involvement in the loss;*

d.    *concealed his plans to develop the Property on which the Residence is located;* and

e.    *the loss was caused intentionally by a person directed by Plaintiff.*

6

37.     Upon information and belief, during the time period of April 12, 2007 through July 2, 2007, Mortensen orally stated to Sequora Hernandez of ABN-AMRO Mortgage that the Plaintiff's claim was being denied because Plaintiff "was involved in the explosion and misrepresented facts" surrounding the claim as stated in the Denial Letter.

38.     Mortensen was at fault in making said statements.

39.     These statements tended to deprive Beckman of the benefit of public confidence.

40.     These statements were heard by employees of ABN-AMRO, specifically Sequora Hernandez, and Beckman's reputation was thereby damaged.

41.     These statements and the wrongful denial of Beckman's claim will cause Beckman to incur increases in insurance premiums and the denial of insurance coverage.

42.     To serve as deterrent to Defendants and others in like stead from the commission of the same or similar acts, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff prays judgment against Defendant in such sum as will adequately compensate Plaintiff for the damage to his reputation, loss of respect in the public, emotional and psychological distress and other damages in excess of $25,000, for attorneys' fees, for punitive damages, for his costs and such other and further relief as the Court may deem proper.

## COUNT IV

## LIBEL

43.     Plaintiff incorporates paragraphs 1 - 42 of his Petition by reference as though set forth in full.

44.     In correspondence to Beckman dated April 12, 2007, Mortensen, negligently, maliciously and/or in bad faith, stated that Beckman:

      a.     *misrepresented* and *concealed* the facts and circumstances surrounding the lease and purchase of real estate located at 5016 Romaine Spring Drive;

      b.     *misrepresented his financial condition at the time of the loss and preceding the loss, including, but not limited to, the amount of cash in his bank accounts and the profitability of certain transactions, and concealed the sources of money used for transactions;*

      c.     *misrepresented the circumstances of the loss, his discovery of the loss, and his involvement in the loss;*

      d.     *concealed his plans to develop the Property on which the Residence is located;* and

      e.     *the loss was caused intentionally by a person directed by Plaintiff.*

45.     Mortensen was at fault in making said statements.

46.     Mortensen knew that in the ordinary course of events the statements would come to the knowledge of some third person, including but not limited to insurance agents and underwriters.

47.     These statements tended to deprive Beckman of the benefit of public confidence.

48.     These statements and the wrongful denial of Beckman's claim will cause Beckman to incur increases in insurance premiums and the denial of insurance coverage.

8

49.     These statements were read by employees at ABN-AMRO and Beckman's reputation was thereby damaged.

WHEREFORE, Plaintiff prays judgment against Defendant in such sum as will adequately compensate Plaintiff for the damage to his reputation, loss of respect in the public, emotional and psychological distress and other damages in excess of $25,000, for attorneys' fees, for punitive damages, for his costs and such other and further relief as the Court may deem proper.

## COUNT V

## CONSPIRACY

50.     Plaintiff incorporates paragraphs 1 - 49 of his Petition by reference as though set forth in full.

51.     Defendants Chubb, Great Northern and Porter knew the Residence could not be reconstructed and that Plaintiff did not have any role in causing the loss.

52.     Defendants Chubb, Great Northern and Porter conspired to deny Plaintiff's claim to defraud the Plaintiff in an unlawful manner.

53.     Defendants Chubb, Great Northern and Porter conspired to fraudulently and intentionally misstate the true cause of the Explosion.

54.     Defendants Chubb, Great Northern and Porter conspired to fraudulently and intentionally misrepresent the extent of the damage to the Residence.

55.     Plaintiff was damaged as a result thereof, including the loss of use and enjoyment of the Residence, loss of economic value and attorneys' fees.

56.     Plaintiff is entitled to compensation for said damages.

9

57.    To serve as a deterrent to Defendants Chubb, Great Northern and Porter, and others in like stead, from the commission of the same or similar acts, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff prays judgment against Defendant in such sum as will adequately compensate Plaintiff for the loss of value of the Residence, loss of contract damages, damage to his reputation loss of respect in the public, emotional and psychological distress and other damages in excess of $25,000, for punitive damages, for attorneys' fees and for his costs and such other and further relief as the Court may deem proper.

Bruce R. Bartlett, #42680
Attorney for Plaintiff
2601 Metro Boulevard
Maryland Heights, MO 63043
(314) 291-5400 Telephone
(314) 209-8202 Facsimile

## CERTIFICATE OF SERVICE

The undersigned certifies that on this ___27th___ day of May, 2008, a true and correct copy of the foregoing was sent, via First Class US Mail, postage prepaid, to Mr. David Ahlheim, Attorney for Defendants Great Northern Insurance Company, Chubb & Son, Inc. and Steve W. Mortensen, 1010 Market Street, Suite 500, St. Louis, MO 63101 and to Robert L. Porter, IV, Registered Agent, Porter Engineering & Reconstruction Co., P.C., 2434 Ackerman, St. Louis, MO 63114.

10

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

RECEIVED & FILED
CIRCUIT COURT OF
ST. LOUIS COUNTY

2008 MAY 21  PM 12:31

JOAN M. GILMER
CIRCUIT CLERK

COPY

| | | |
|---|---|---|
| TODD BECKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:   07SL-CC00424 |
| | ) | |
| v. | ) | Division:   13 |
| | ) | |
| GREAT NORTHERN INSURANCE | ) | |
| COMPANY, et al. | ) | |

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT Defendants Great Northern Insurance Company will

call for hearing its Motion to Compel in Division 13 on June 6, 2008, at 9:00 a.m., or as soon

thereafter as it may be heard.

JAMES W. CHILDRESS & ASSOCIATES, LLC

BY: _____

JAMES W. CHILDRESS        #27591
DAVID T. AHLHEIM          #50853
JOHN J. MARINO            #58957
1010 Market Street, Suite 500
St. Louis, MO 63101
jchildress@jchildresslaw.com
dahlheim@jchildresslaw.com
jmarino@jchildresslaw.com
Phone:  (314) 621-9800
Fax:    (314) 621-9802
Attorneys for Defendants Great Northern Insurance
Company, Chubb & Son, Inc., and Steve W. Mortensen

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed this ___20___ day of  May, 2008 to:

Bruce R. Bartlett
Attorney at Law
2601 Metro Boulevard
Maryland Heights, MO  63043

_____

$5A$

  ✓DTA Cal/ejà

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | | |
|---|---|---|---|
| TODD BECKMAN, | ) | | |
| | ) | | |
| Plaintiff, | ) | Case No.: | 07SL-CC00424 |
| | ) | | |
| v. | ) | Division: | 13 |
| | ) | | |
| GREAT NORTHERN INSURANCE | ) | | |
| COMPANY, et al. | ) | | |

### NOTICE OF HEARING

PLEASE TAKE NOTICE THAT Defendants Great Northern Insurance Company will

call for hearing its Motion to Compel in Division 13 on June 6, 2008, at 9:00 a.m., or as soon

thereafter as it may be heard.

JAMES W. CHILDRESS & ASSOCIATES, LLC

BY: _____

JAMES W. CHILDRESS   #27591
DAVID T. AHLHEIM    #50853
JOHN J. MARINO     #58957
1010 Market Street, Suite 500
St. Louis, MO 63101
jchildress@jchildresslaw.com
dahlheim@jchildresslaw.com
jmarino@jchildresslaw.com
Phone: (314) 621-9800
Fax:    (314) 621-9802
Attorneys for Defendants Great Northern Insurance
Company, Chubb & Son, Inc., and Steve W. Mortensen

### CERTIFICATE OF SERVICE

A copy of the foregoing was mailed this _____ day of May, 2008 to:

Bruce R. Bartlett
Attorney at Law
2601 Metro Boulevard
Maryland Heights, MO  63043

5

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

2008 MAY 21  PM 12: 31

JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY

| | | |
|---|---|---|
| TODD BECKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:   07SL-CC00424 |
| | ) | |
| v. | ) | Division:   13 |
| | ) | |
| GREAT NORTHERN INSURANCE | ) | |
| COMPANY, et al. | ) | |

## MOTION TO COMPEL

COMES NOW Defendant Great Northern Insurance Company, by and through counsel James W. Childress & Associates and pursuant to Missouri Rules of Civil Procedure and moves to compel Plaintiff to provide full and complete discovery responses within twenty (20) days. In support thereof, Defendant states as follows:

1. That this Defendant mailed Interrogatories and Requests for Production of Documents to Plaintiff on or about March 5, 2008.

2. That Plaintiff has not answered said Interrogatories and Request for Production within the time required by the Rules of Civil Procedure.

3. That, pursuant to local rule, the undersigned counsel has attempted to resolve this outstanding discovery dispute by telephone conference and/or correspondence and has been unable to resolve this dispute.

4. Only recently has Plaintiff filed Objections to each and every Request for Production of Documents and Interrogatories.

5. Pursuant to Local Rules, the undersigned party has attempted to resolve this outstanding discovery through telephone conference and through correspondence but has been unable to resolve this dispute.

WHEREFORE, Defendant moves this Court to enter its order to compel Plaintiff to provide full and complete discovery responses, without objection, within twenty (20) days; and for such other orders that this Court may deem just and proper.

JAMES W. CHILDRESS & ASSOCIATES, LLC

BY: _____

JAMES W. CHILDRESS        #27591
DAVID T. AHLHEIM          #50853
JOHN J. MARINO            #58957
1010 Market Street, Suite 500
St. Louis, MO 63101
jchildress@jchildresslaw.com
dahlheim@jchildresslaw.com
jmarino@jchildresslaw.com
Phone:  (314) 621-9800
Fax:    (314) 621-9802
Attorneys for Defendants Great Northern Insurance
Company, Chubb & Son, Inc., and Steve W.
Mortensen

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed this _____ day of May, 2008 to:

Bruce R. Bartlett
Attorney at Law
2601 Metro Boulevard
Maryland Heights, MO  63043

_____

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **TODD BECKMAN** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No.:**  07SL-CC00424 |
| | ) | **Division:**  13 |
| **GREAT NORTHERN INSURANCE** | ) | |
| **COMPANY**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

COMES NOW Plaintiff, by and through counsel, and hereby certifies that the following

documents:

-   Plaintiff's Objections to Defendants Great Northern Insurance Company and

    Steve Mortensen's First Set of Interrogatories; and

-   Plaintiff's Objections to Defendants Great Northern Insurance Company and

    Steve Mortensen's Request for Production of Documents

were served on Mr. David T. Ahlheim, Attorney for Defendants Great Northern Insurance

Company, Chubb & Son, Inc. and Steve W. Mortensen, on this ___15th___ day of May, 2008 by

depositing same in the U.S. Mail, postage prepaid addressed to 1010 Market Street, Suite 500, St.

Louis, MO 63101.

Bruce R. Bartlett, #42680
Attorney for Plaintiff
2601 Metro Boulevard
Maryland Heights, MO 63043
(314) 291-5400 Telephone
(314) 209-8202 Facsimile

**3**

RECEIVED

MAY 1 9 2008

**BECKMAN PLEADINGS FOR FILING OF REMOVAL WITH FEDERAL COURT**

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

2008 MAY 16 PH 2: 27

JOAN M. GILMER
CIRCUIT CLERK

| | | |
|---|---|---|
| TODD BECKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 07SL-CC00424 |
| | ) | |
| v. | ) | Division: 13 |
| | ) | |
| GREAT NORTHERN INSURANCE | ) | |
| COMPANY, et al. | ) | |

## RETURN OF SERVICE

COMES NOW Defendant Great Northern Insurance Company, et al, and files the

following:

1. Return of Service on Bradley S. Fuchs; and
2. Return of Service on Kerry Roades.

JAMES W. CHILDRESS & ASSOCIATES, LLC

BY:

| JAMES W. CHILDRESS | #27591 |
|---|---|
| DAVID T. AHLHEIM | #50853 |
| JOHN J. MARINO | #58957 |

1010 Market Street, Suite 500
St. Louis, MO 63101
jchildress@jchildresslaw.com
dahlheim@jchildresslaw.com
jmarino@jchildresslaw.com
Phone: (314) 621-9800
Fax:    (314) 621-9802
Attorneys for Defendants Great Northern Insurance
Company, Chubb & Son, Inc., and Steve W.
Mortensen

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed this 15th day of May, 2008 to:

Bruce R. Bartlett
Attorney at Law
2601 Metro Boulevard
Maryland Heights, MO 63043

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
## SUBPOENA
### (Order to Appear and Produce Documents)

TODD BECKMAN

Bruce R. Bartlett _____ **Plaintiff/Petitioner**

2601 Metro Boulevard

Maryland Heights, MO  63043

(314  291-5400
_____
**Attorney for Plaintiff/Petitioner**

GREAT NORTHERN INSURANCE COMPANY, et al.

David T. Ahlheim _____ **Defendant/Respondent**

1010 Market St., Suite 5800

St. Louis, MO  63101

(314  621-9800
_____
**Attorney for Defendant/Respondent**

TO: Bradley S. Fuchs

105 Inverness

Valley Park, MO  63088

Case Number ___ 07SL-CC00424

Division ___ 13

**SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Circuit Clerk's Office at 314/615-8029, Fax 314/615-8739, or TTY 314/615-4567, at least three business days in advance of the court proceeding.

---

## YOU ARE COMMANDED TO APPEAR BEFORE THE ST. LOUIS COUNTY CIRCUIT COURT

~~Courthouse~~ Offices of James W. Childress          Date  May 27, 2008

~~7900 Carondelet Ave.~~  1010 Market, Suite 500      Time  9:00 a.m.

~~Clayton, Missouri 63105~~ St. Louis, MO  63101       ~~Division~~

and thereafter from time to time until the case be disposed of or you are finally discharged.

☐ To testify on behalf of _____

☒ To produce the following: ____ ****SEE ATTACHED****

_____

_____

_____

_____

WITNESS, Joan M. Gilmer, Clerk of Circuit Court with the seal thereof hereto affixed, at the office of the County of St. Louis, on _____, 200 _____.

*Joan M. Gilmer*

**JOAN M. GILMER, Circuit Clerk**

The attorney or party requesting attendance of witness:

☐     The date and hour that your testimony shall be required cannot be stated with certainty.  Therefore, you are directed to telephone _____ at _____ between the hours of 9:00 a.m. and 5:00 p.m. on _____, 200 _____, at which time you will be further instructed concerning your appearance.  Such instruction may require that you appear on a subsequent date, without further personal service.

CCCDT24   Rev. 07/06

**BECKMAN PLEADINGS FOR FILING OF REMOVAL WITH FEDERAL COURT**

Any and all documents referring to, describing, or containing any information regarding the employment relationship between Brad Fuchs and Todd J. Beckman. All documentation pertaining to any work performed by Brad Fuchs on behalf of Todd J. Beckman. Any and all documentation describing any compensation received by Brad J. Fuchs from Todd J. Beckman, including, but not limited to monetary compensation, personal property compensation or any other form of payment for work or for services rendered. Any and all documentation of any gifts received by Brad J. Fuchs from Todd J. Beckman, including gifts received in compensation for work performed or gifts received gratuitously.

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

TODD BECKMAN,                          )
                                       )
    Plaintiff,                        )      Case No.:      07SL-CC00424
                                       )
v.                                     )      Division:      13
                                       )
GREAT NORTHERN INSURANCE               )
COMPANY, et al.                        )

## NOTICE OF INTENTION TO TAKE
## ORAL AND VIDEOTAPED DEPOSITION

    TO:                                ATTORNEY OF RECORD

    DATE:                              May 27, 2008 at 9:00 a.m.

    PLACE OF DEPOSITION:               James W. Childress & Associates, LLC
                                       1010 Market Street, Suite 500
                                       St. Louis, MO  63101


    PERSON TO
    BE DEPOSED:                        Bradley S. Fuchs

    COURT REPORTER:                    Kriegshauser Reporting & Video


    **PLEASE TAKE NOTICE** that, Defendants, will take the deposition listed above upon oral and videotaped examination, pursuant to Rule 57.03 of the Missouri Rules of Civil Procedure, before a certified court reporter and notary public duly authorized to administer oaths.

JAMES W. CHILDRESS & ASSOCIATES, LLC

BY: _____

JAMES W. CHILDRESS          #27591
DAVID T. AHLHEIM            #50853
JOHN J. MARINO              #58957
1010 Market Street, Suite 500
St. Louis, MO 63101
jchildress@jchildresslaw.com
dahlheim@jchildresslaw.com
jmarino@jchildresslaw.com
Phone:  (314) 621-9800
Fax:    (314) 621-9802
Attorneys for Defendants Great Northern Insurance
Company, Chubb & Son, Inc., and Steve W.
Mortensen

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed this ___/___ day of May, 2008 to:

Bruce R. Bartlett
Attorney at Law
2601 Metro Boulevard
Maryland Heights, MO  63043

_____

**St. Louis Investigation & Process Service**
**P. O. Box 9383**
**St. Louis, Missouri 63117**
314-966-2850
fax: 314-822-1834

## AFFIDAVIT OF SPECIAL PROCESS SERVER

I, Mark Newlin, being first duly sworn, upon my oath, state that I have served a true copy
of the attached
_____X_____ SUBPOENA *Notice of deposition w/exhibit*
_____ SUMMONS WITH PETITION

(1)By delivering on the *9* day of May, 2008 to *Bradley Scott Fuchs*

at *105 Iverness ValleyPark, MO   63088*   Time of Service *9:10* AM/PM.

(2)By leaving on the _____ of May, 2008 for each of the following:

a copy of the Summons and a copy of the Petition at the respective dwelling place of
abode of said person(s) with someone in his/her family over the age of 15 years at

_____ Time of Service _____ AM/PM.

(3)_____

Legal fees tendered in the amount of $ _____.

All done in *St. Louis* City / County, Missouri

_____
Mark Newlin

Subscribed to and sworn before me this _____*9th*_____ day of May 2008.

_____
Robyn Hendricks
Notary Public

ROBYN A. HENDRICKS
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: October 24, 2010
Commission Number: 06957717

**BECKMAN PLEADINGS FOR FILING OF REMOVAL WITH FEDERAL COURT**

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
## SUBPOENA
### (Order to Appear and Produce Documents)

TODD BECKMAN

| | |
|---|---|
| Bruce R. Bartlett | Plaintiff/Petitioner |

2601 Metro Boulevard

Maryland Heights, MO  63043

(314  291-5400

Attorney for Plaintiff/Petitioner

GREAT NORTHERN INSURANCE COMPANY, et al.

David T. Ahlheim    Defendant/Respondent

1010 Market St., Suite 500

St. Louis, MO  63101

(314  621-9800

Attorney for Defendant/Respondent

TO: Kerry Roades

4876 Romaine Spring Drive

Fenton, MO  63026-5840

Case Number ___07SL-CC00424___

Division _____13_____

**SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Circuit Clerk's Office at 314/615-8029, Fax 314/615-8739, or TTY 314/615-4567, at least three business days in advance of the court proceeding.

## YOU ARE COMMANDED TO APPEAR BEFORE THE ST. LOUIS COUNTY CIRCUIT COURT

~~Courthouse~~ Offices of James W. Childress   Date ___May 29, 2008___
~~7900 Carondelet Ave.~~ 1010 Market, Suite 500   Time ___9:00 a.m.___
~~Clayton, Missouri 63105~~ St. Louis, MO  63101   ~~Division~~

and thereafter from time to time until the case be disposed of or you are finally discharged.

☐  To testify on behalf of _____

☒  To produce the following: ___****SEE ATTCHED****___

_____

_____

_____

WITNESS, Joan M. Gilmer, Clerk of Circuit Court with the seal thereof hereto affixed, at the office of the County of St. Louis, on _____, 200 _____.

*Joan M. Gilmer*

**JOAN M. GILMER, Circuit Clerk**

The attorney or party requesting attendance of witness:

☐      The date and hour that your testimony shall be required cannot be stated with certainty.  Therefore, you are directed to telephone _____ at _____ between the hours of 9:00 a.m. and 5:00 p.m. on _____, 200_____, at which time you will be further instructed concerning your appearance.  Such instruction may require that you appear on a subsequent date, without further personal service.

CCCDT24   Rev. 07/06

**BECKMAN PLEADINGS FOR FILING OF REMOVAL WITH FEDERAL COURT**

Any and all documentation regarding the appraisal, purchase, sale or resale of the property located at 5016 Romaine Spring Drive in Fenton, Missouri. Any and all financial documentation from KAT, Inc. throughout the past five (5) years, including, but not limited to, balance sheets, annual reports, incorporation papers, and other financial records. Any and all documentation, records or notes containing any proposed business relationship or established business relationship or transactional relationship occurring by or between KAT, Inc., Kerry Roades and Todd J. Beckman, including any documentation referring to any business entities, business transactions, personal transactions or actions involving both personal and real property.

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

TODD BECKMAN, )
)
     Plaintiff, )    Case No.:   07SL-CC00424
)
v. )    Division:   13
)
GREAT NORTHERN INSURANCE )
COMPANY, et al. )

## NOTICE OF INTENTION TO TAKE
## ORAL AND VIDEOTAPED DEPOSITION

TO:                ATTORNEY OF RECORD

DATE:           May 29, 2008 at 9:00 a.m.

PLACE OF DEPOSITION:    James W. Childress & Associates, LLC
1010 Market Street, Suite 500
St. Louis, MO  63101

PERSON TO
BE DEPOSED:         Kerry Roades

COURT REPORTER:      Kriegshauser Reporting & Video

**PLEASE TAKE NOTICE** that, Defendants, will take the deposition listed above upon oral and videotaped examination, pursuant to Rule 57.03 of the Missouri Rules of Civil Procedure, before a certified court reporter and notary public duly authorized to administer oaths.

JAMES W. CHILDRESS & ASSOCIATES, LLC


BY: _____

JAMES W. CHILDRESS        #27591
DAVID T. AHLHEIM          #50853
JOHN J. MARINO            #58957
1010 Market Street, Suite 500
St. Louis, MO 63101
jchildress@jchildresslaw.com
dahlheim@jchildresslaw.com
jmarino@jchildresslaw.com
Phone:  (314) 621-9800
Fax:     (314) 621-9802
Attorneys for Defendants Great Northern Insurance
Company, Chubb & Son, Inc., and Steve W.
Mortensen

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed this ___/___ day of May, 2008 to:

Bruce R. Bartlett
Attorney at Law
2601 Metro Boulevard
Maryland Heights, MO  63043

_____

## St. Louis Investigation & Process Service
### P O Box 9383
### St Louis, Missouri 63117
### 314-966-2850
Fax: 314-822-1834

## AFFIDAVIT OF SPECIAL PROCESS SERVER

I, Robyn Hendricks, being duly sworn, upon my oath, states that I have
served a true copy of the attached:

    __X__ Subpoena _notice of deposition w\ exhibit_

    _____ Summons with Petition

_____ _____

_____

By delivering on the _8th_ May, 2008 to:
_Kerry Roades_
at _4876 Romaine Spring Drive_
_Fenton, MO. 63026_ at _7:37_ AM/~~PM~~

By leaving on the ____ day of May, 2008 for each of the following
defendants: _____
at_____ AM/PM a copy of the Summons & Petition at the respective
dwelling place or abode of said person(s) with_____,
family member over the age of 15 years of age at

_____

_____

By_____

Check amount: _____
    All done in _Jefferson_ ~~City~~ / County / Missouri / ~~Illinois~~

_Robyn Hendricks_
Robyn Hendricks

Subscribed to and sworn before me this _8_ May, 2008.

_Mary S. Guignon_
Mary S. Guignon
Notary Public   My Commission expires on 9/17/2010.

NOTARY SEAL

MARY S. GUIGNON
My Commission Expires
September 17, 2010
St. Louis County
Commission #06452487

---

**BECKMAN PLEADINGS FOR FILING OF REMOVAL WITH FEDERAL COURT**

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

TODD BECKMAN,                          )
                                       )
        Plaintiff,                     )       Case No.:      07SL-CC00424
                                       )
v.                                     )       Division:      13
                                       )
GREAT NORTHERN INSURANCE               )
COMPANY, et al.                        )

## NOTICE OF DEPOSITION

TO:                           ATTORNEY OF RECORD

DATE:                         Monday, June 9, 2008 at 10:00 a.m.

PLACE OF DEPOSITION:          James W. Childress & Associates, LLC
                              1010 Market Street, Suite 500
                              St. Louis, MO 63101

PERSON TO
BE DEPOSED:                   Custodian of Records
                              Beckman Enterprises, Ltd.

COURT REPORTER:               Kriegshauser Reporting & Video

        PLEASE TAKE NOTICE that at the above date, hour and place we shall cause

the deposition of the above person to be taken upon oral examination and pursuant to

Rule 57.03 of the Missouri Rules of Civil procedure before a shorthand reporter and

suitable notary public.  Any party or their attorney may appear and participate as they see

fit.

JAMES W. CHILDRESS & ASSOCIATES, LLC

BY: _____

JAMES W. CHILDRESS      #27591
DAVID T. AHLHEIM        #50853
JOHN J. MARINO          #58957
1010 Market Street, Suite 500
St. Louis, MO 63101
jchildress@jchildresslaw.com
dahlheim@jchildresslaw.com
jmarino@jchildresslaw.com
Phone: (314) 621-9800
Fax:    (314) 621-9802
Attorneys for Defendants Great Northern Insurance
Company, Chubb & Son, Inc., and Steve W.
Mortensen

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed this __*13*__ day of May, 2008 to:

Bruce R. Bartlett
Attorney at Law
2601 Metro Boulevard
Maryland Heights, MO  63043

_____

Copies of any franchise contracts enforced during any time in 2005 between Edward Beckman and Todd J. Beckman, St. Louis Tan Company or any entity in which Todd J. Beckman had a financial interest.

Copies of any sales or purchase agreements with Todd J. Beckman or any entity to which Todd J. Beckman had a financial interest for the sale or purchase of any Tan Company Salon in which Edward Beckman had a financial interest during 2005 and 2006.

Copies of all correspondence or contracts, other than those specifically requested above, between Edward Beckman or any entity in which Edward Beckman had a financial interest in Todd J. Beckman, St. Louis Tan Company or any entity in which Todd J. Beckman had a financial interest during 2005 through June, 2006.

Evidence of the distribution of funds in the amount of $150,000 to The St. Louis Tan Company by Beckman Enterprises, Ltd. in exchange for the promissory note in the same amount dated December 15, 2005. Please include the payment schedule on this loan subsequent to December, 2005.