IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TODD BECKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:  4:08CV862 |
| | ) | |
| v. | ) | |
| | ) | |
| GREAT NORTHERN INSURANCE | ) | |
| COMPANY, et al. | ) | |

**SUGGESTION OF DEFENDANTS GREAT NORTHERN INSURNCE COMPANY,
CHUBB & SON INC. AND STEVE MORTENSEN, IN SUPPORT OF THEIR MOTION
FOR PROTECTIVE ORDER LIMITING SCOPE OF ORAL EXAMINATION**

Defendants Great Northern Insurance Company and Chubb & Son Inc. and Steve
Mortensen ("Defendants"), through undersigned counsel, hereby submit their Suggestions in
Support of Motion for Protective Order, pursuant to Federal Rules of Civil Procedure, and
further state to the Court as follows:

I.   Introduction

On or about January 19, 2009, Plaintiff issued an Amended Notice of Video Taped
Deposition for the Corporate Representative of Defendants to provide testimony on several
topics and produce documents listed therein ("Notice").  (*See* Copy of the Notice, attached as
Exhibit A).  Defendants are entitled to a Protective Order limiting the scope of the Notice to
preclude several testimony topics and document requests because the Notice seeks irrelevant
information not reasonably calculated to lead to the discovery of admissible evidence, imposes
an undue burden on Defendants when weighed against the lack of relevance of the discovery
sought, and requires disclosure of confidential and proprietary information.

## II. <u>Background Facts</u>[1]

Great Northern insurance company issued a Masterpiece® policy bearing No. 12450307-01 (the "Policy") to Plaintiff providing coverage for the property located at 905 Gregory Lane, Saint Louis, MO 63026.  The Policy covers the dwelling, its contents and other permanent structures located on the property.  (*See* Verified copy of the Policy, attached as Exhibit B).

The loss at issue occurred on February 4, 2006, when the property was damaged by an explosion caused by the ignition a large amount of propane gas.  Plaintiff commenced this action in response to Defendants denial of his insurance claims arising out of the February 4, 2006 explosion, the April 2, 2006, weather storm and alleged theft and vandalism of the subject property.  Thereafter, Plaintiff asserts that the property was vandalized and several items were stolen.  Plaintiff further alleges that the property was further damaged due to a "weather storm" on April 2, 2006.  Plaintiff made a claim under the policy contending that the property was total loss.

On April 12, 2007, Defendants denied Plaintiff's claims.  Defendants' denial was based on several grounds, including but not limited to, Plaintiff's intentional concealment and misrepresentation of facts material to the claim, many of which were made during his examinations under oath.  Specifically, Plaintiff Todd Beckman misrepresented that he never considered buying property located at 5016 Romaine Spring Drive following the explosion, misrepresented that he never attempted to purchase the property at 5016 Romaine Spring Drive, misrepresented that he never spoke to a real estate agent concerning purchasing the property at 5016 Romaine Spring Drive, concealed that he had submitted a contract on the house located at 5016 Romaine Spring Drive, concealed facts and circumstances concerning his arrangements

---

[1] Every fact set forth in this statement can be supported by a documentary exhibit.  However, because this is a discovery motion and not a motion for summary judgment and these facts are offered as background information, Defendants will not unnecessarily burden the court by attaching exhibits to substantiate each fact at this time.

with a business associate, Kerry Rhoades with respect to the purchase of 5016 Romaine Spring Drive, misrepresented the nature and purpose of the $5,000 payments allegedly made to Kerry Rhoades, for the rental of 5016 Romaine Spring Drive, misrepresented his financial condition at the time of the loss and preceding the loss, concealed his plans to develop the property on which 905 Gregory is located, and misrepresented the circumstances surrounding the loss including his own involvement therein.

On or about October 16, 2007, Plaintiff filed a petition against Defendants in the Circuit Court of Saint Louis County for breach of contract, vexatious refusal, libel, slander and conspiracy. Defendants Great Northern and Chubb and Sons Inc. submitted an Answer and Affirmative Defenses, on or about November 27, 2007. Defendant Steve Mortensen submitted a separate Answer and Affirmative Defenses on or about March 10, 2008. The case was removed to this Court on or about June 16, 2008.

The parties have engaged in written discovery. Most recently, On January 19, 2009, Plaintiff served the Notice. (*See* Exhibit A). Pursuant to the Notice, Plaintiff's seek the deposition of a representative of Defendants Great Northern Insurance Company and Chubb and Son Inc. regarding the following testimony topics, *inter alia*:

6. Other litigation during the ten year period preceding April 12, 2007, and since, in which defendants have been sued for wrongly denying a claim involving casualty to a structure;

7. Other litigation during the ten year period preceding April 12, 2007, and since, in which defendants have been found liable for wrongly denying a claim involving casualty to a structure;

8. Any administrative proceedings during the ten year period preceding April 12, 2007, and since, in which defendants have been charged with unfair claims practices or charged with wrongfully handling any claims involving casualty to a structure;

*       *       *

3

11. Other claims for casualty to structures insured by defendants, on the dates of April 1, 2, and 3, 2006 in the Missouri counties of St. Louis City, St. Louis County, Jefferson County and St. Charles County.

Additionally, pursuant to the Notice, Plaintiff requests Defendants to bring with them to the deposition the following categories of documents, *inter alia*:

4. The claims investigation and review materials or other policy statements governing the process of investigating, evaluating and determining how to process casualty claims which apply to the claim at issue in this case;

5. The policies governing denial of insurance coverage based on claims frequency;

6. Any judgments against the defendants on any court, or  determination by any administrative agency, wherein the defendants were found to have wrongly denied one or more casualty insurance claims;

7. The files of all other claims for property damage made by other insured of the defendants for losses incurred on April 1, 2, and 3, 2006, in the Missouri counties of St. Louis City, St. Louis County, Jefferson County and St. Charles County.

Counsel for Defendants contacted Plaintiff's counsel regarding its objections to the topics identified and documents requested in the Notice.  (*See* correspondence of Joseph V. Lesinski to Michael Berry dated January 15, 2009, Attached as Exhibit C).  Plaintiff's counsel offered as a compromise a summary of other litigation and administrative proceedings, but would not otherwise agree to limit the areas of inquiry.  As this proposal is unacceptable to the Defendants, there is no other choice but to seek this Court's intervention.

Submitted in conjunction with the instant affirmation, is an affidavit pursuant to F.R.C.P. 26(c)(1) and Local Rule 37-304 attesting to the good faith effort of Defendants to resolve this discovery dispute prior to filing the instant motion.  (*See* Exhibit D).

III.   Law and Analysis

A.   Standard for Issuing a Protective Order

As this Court is aware, it is vested with broad discretion regarding whether to issue a protective order.  *See Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (holding that federal rules confer broad discretion on the district court to decide when a protective order is appropriate to protect a deponent and what degree of protection is required).   Under F.R.C.P. 26(c), a party may seek a protective order limiting the scope of discovery.  The relevant portions of the Rule states,

> (c) Protective Orders.
>
> (1) *In General.*   A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending - or as an alternative on matters relating to a deposition, in the court for the district where the depositions will be taken.   The motion must include a certificate that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.   The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure of discovery;
>
> (D) forbidding inquiry into certain matters, or limiting the scope of the disclosure or discovery to certain matters . . .

A party is entitled to a protective order for good cause shown.  *Id.*

B.   Defendants are Entitled to a Protective Order Precluding Discovery Concerning Other Litigation and Administrative Proceedings Identified in the Notice

In testimony topics 6, 7 and 8 and document request 6, identified in the Notice and specified above, Plaintiff seeks information regarding other litigation and administrative proceedings in which Defendants have been sued, found liable and charged for wrongfully

5

denying claims during the ten year period proceeding April 12, 2007 and since.  (*See* Exhibit A). Defendants are entitled to a protective order forbidding discovery into such matters because (i) inquiries and documents concerning prior lawsuits and administrative proceedings are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence; and (ii) the burden imposed on Defendants to comply with topics concerning prior litigation greatly outweighs any potential relevancy or benefit the deposition could provide.

While the standard for relevance in context of discovery is broader than in context of admissibility, the tenet should not be misplaced to allow fishing expeditions in discovery.  *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993).  Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery.  *Id.*  Plaintiff has not and cannot make a threshold showing of relevance regarding other unrelated litigation and administrative proceedings in which Defendants have been sued, found liable and charged for wrongfully denying claims.  Rather, these requests are designed to harass Defendants and amount to an unduly burdensome waste of resources.

As explained, this litigation concerns Defendants denial and Plaintiff's conduct regarding the February 4, 2006 explosion and subsequent events.  Deposition testimony regarding other litigation and administrative proceedings involving alleged wrongful denials of claims during the ten year period proceeding April 12, 2007 and since, have no absolutely no bearing on Plaintiff's claims or the validity of Defendants' denial.  The scope of discovery in this litigation is properly limited to what was done or not done in relation to *this* Policy and claim.

Plaintiff's request amounts to a vast fishing expedition.  In *Baker v. CNA Ins. Co.*, 123 F.R.D. 322, 323 (D. Mont. 1988), the court rejected plaintiff's motion to compel all cases of bad faith because "sufficient similarity" does not exist between the obligations imposed by law of

the forum state and obligations imposed by law of any particular jurisdiction to warrant discovery of information relating to litigation from a jurisdiction other than the forum jurisdiction.

Here, Plaintiff vaguely seeks information regarding all cases and administrative proceedings brought in any venue over a thirteen year period in which assertions have been made against Defendants for wrongfully denying a claim involving casualty to a structure.  Such a request is broader than the one rejected in *Baker*.  Other cases and administrative proceedings from various jurisdictions involve disparate laws, statutes and obligations regarding wrongful denial of an insurance claim.  Sufficiently similarity does not exist between the laws at issue in this case and the obligations imposed by obligations imposed by the law of any particular jurisdiction to warrant discovery of information relating to litigation from other jurisdictions.

Even if considered remotely relevant, requiring Defendants to locate and provide plaintiff with documentation of each and every such case is unduly burdensome.    To comply with the Notice, Defendants would be required to undertake multiple searches to determine what information is even available, retrieve documentation, and undertake personal review of the documents.  Defendants would then be required prepare a witness or several witnesses knowledgeable about all other lawsuits and administrative proceedings commenced during almost an entire (13) year period in which either Defendant has been sued for wrongly denying a claim or charged with unfair claims practices.  As a result, numerous employees of Defendants will be required to devote significant time and money to ensure they are capable of addressing the issues identified in testimony topics 6, 7 and 8.

This loss of manpower and opportunities is unduly burdensome, especially in light of the decidedly irrelevant nature of the information sought.    At some point, a party's entitlement to

conduct a "fishing expedition" is outweighed by the irrelevancy of the materials requested and the burden it places on the defendant. Plaintiff's requests information pertaining to unrelated litigation and administrative proceedings in which Defendants have been sued, found liable and charged for wrongfully denying claims has undoubtedly reached this point.

Given that the material issues in this lawsuit concern Plaintiff's claims and the basis for Defendants denial based on intentional acts, misrepresentations and concealment and during the adjustment of the claim, there is no need to waste the parties' time and resources inquiring about unrelated lawsuits and administrative proceedings. As a result, Defendants request that this Court grant a Protective Order precluding Plaintiffs from seeking the deposition concerning the areas of inquiry topics 6, 7 and 8 and document request 6, identified in the Notice.

C. <u>Defendants are Entitled to a Protective Order Precluding Discovery Concerning Prior Claims For Casualty to Structures on April 1, 2 and 3, 2006</u>

Plaintiff's Notice also seeks information concerning other unrelated claims. Testimony topic 11 seeks information regarding other claims for casualty to structures insured by Defendants, on the dates of April 1, 2, and 3, 2006 in the Missouri counties of St. Louis City, St. Louis County, Jefferson County and St. Charles County. Document request 7 requests calls for the production of the actual claim files for property damage to other insureds occurring on April 1, 2, and 3, 2006, in the Missouri counties of St. Louis City, St. Louis County, Jefferson County and St. Charles County.

Defendants are entitled to a protective order precluding this discovery as such claims (i) are not relevant to this litigation or likely to lead to the discovery of admissible evidence; (ii) the burden imposed on Defendants to comply greatly outweighs whatever potential relevancy or benefit the deposition may provide; and (iii) information contained in claim files are confidential and proprietary.

Information regarding claims made by other insureds on the dates of April 1, 2, and 3, 2006 is irrelevant and immaterial to this lawsuit.  Ostensibly, Plaintiff seeks such information to substantiate his own claim for wind damage around the same time frame.  However, deposition testimony and documentation regarding unrelated claims has no bearing on Plaintiff's claim or the validity of Defendants' denial.  The scope of discovery in this litigation is properly limited to what was done or not done in relation to *this* Policy and claim.

Requests pertaining to other unrelated claims constitute an unduly burdensome waste of resources.  (*See* Exhibit E, Mortensen Affidavit).  To comply with the Notice, Defendants would be required to search for and prepare a witness knowledgeable about all other claims for casualty to insured structures during a three day period on four separate Missouri counties.  Defendants would also be required to review its claims history records and determine whether other policyholders have presented claims on the listed dates and counties, assuming that a search based on selected counties is even available.

Under Defendant Great Northern's standard procedures, closed claims files for all types of insurance policies are sent to off-site storage facilities six months after claims are closed and stored in boxes along with closed claim files of all types.  (*See* Exhibit E).  There is no way to determine from the box labels or any computer records whether a claim involved casualty to structure, the specific county in which a claims arose or the dates upon which losses are reported.  *Id*.  Great Northern does not separate or index its closed files based on the type of casualty involved in a claim, the county in which the claimed loss took place, or dates on which losses are reported.  *Id*.

Once all claims involving casualty to a structures are identified, it would then be necessary for professional personnel to review each file and determine the loss date for each

9

claim and whether the loss took place in one of four Missouri counties identified by Plaintiff. (*See* Exhibit E).   Great Northern does not currently employ any individual whose job responsibility encompasses reviewing closed files for litigation purposes.   Therefore, if Defendants are ordered to prepare a witness regarding and produce information concerning unrelated claims, it would be required to reassign one or more of its employees to this task.  *Id.* It would take many months and cost Great Northern thousands of dollars in fees or lost employee productivity to respond to testimony topic 11 and document request 7 as identified in the Notice. This expense and loss of manpower is unduly burdensome particularly in light of the irrelevant nature of the information sought.  *Id.*

Document request 7 also seeks production of actual claim files.  Any claim files requested will undoubtedly contain confidential information regarding other insureds. Defendants would be required undertake the added expense of redacting claim files before their production.   Additionally, the privacy interest is not limited to possibly privileged materials contained in claim files.  Great Northern expects and encourages insureds to be candid in making claims. The possibility that an insured's communications with Great Northern could be disclosed to other parties would inevitably cause insured's to become more circumspect in the information provided.

Consequently, Defendants request that this Court grant a Protective Order precluding Plaintiffs from seeking the deposition concerning the areas of inquiry topic 11 document request 7, identified in the Notice.

        D.   <u>Defendants are Entitled to a Protective Order Precluding Discovery</u>
<u>Concerning Corporate Policies Regarding Denial of Insurance Claims</u>

In the document requests 4 and 5 of the Notice, Plaintiff seeks the production of "claims investigation and review manuals or other policy statements governing the process of

investigation, evaluating and determining how to process casualty claims which apply to the claim at issue and this case" and "the policies governing denial of insurance coverage based on claims frequency."   Defendants should not be required to respond to these requests for two reasons.

First, as stated above, this case concerns numerous misrepresentations made by Plaintiffs in furtherance of his insurance claim.  This case does not concern the process employed by Defendants to investigate or evaluate Plaintiff's claim.  Therefore, any documentary information regarding procedures, manuals or guidelines governing Defendants' claims investigation, evaluation and denial of insurance coverage is irrelevant and not discoverable.  Plaintiff is not entitled to examine every procedure and/or policy employed by Defendants simply because Plaintiff filed a lawsuit.

Second, Defendants should not be required to comply with the document request 5 contained in the Notice because it is completely open ended and presents no limiting time frame. Presumably, for Defendants to comply with the request as submitted, they would be required to produce a copy of any policy or guideline denial of insurance coverage based on claims frequency for as long as they have been in existence.  Such a request without a condensed time frame is overly broad and overly burdensome.

For the foregoing reasons, Defendants requests that this Court issue a Protective Order precluding the production of the documents requested in paragraphs 4 and 5 of the Notice

IV.  Conclusion

For good cause shown, Defendants respectfully request that this Court enter a Protective Order limiting the scope of the examination of the corporate representative of Great Northern Insurance Company and Chubb & Son, Inc., so as to exclude matters for examination 6, 7, 8, and

11 and document requests 4, 5, 6 and 7, and postponing the time set for the taking of the

deposition until after the hearing and disposal of this motion.


Respectfully Submitted,


CHILDRESS AHLHEIM CARY LLC


BY: _____/s/ Joseph V. Lesinski_____
JAMES W. CHILDRESS      #2815
DAVID T. AHLHEIM        #11593
JOSEPH V. LESINSKI       #537010
1010 Market Street, Suite 500
St. Louis, MO 63101
jchildress@jchildresslaw.com
dahlheim@jchildresslaw.com
jlesinski@jchildresslaw.com
Phone:  (314) 621-9800
Fax:    (314) 621-9802
Attorneys for Defendants Great Northern Insurance
Company, Chubb & Son, Inc., and Steve W. Mortensen

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the ECF system which constitutes service on the following:

> Bruce R. Bartlett
> Attorney at Law
> 2601 Metro Boulevard
> Maryland Heights, MO  63043
>
> Michael G. Berry
> Marshall V. Wilson
> 304 East High Street, Suite 100
> P.O. Box 1606
> Jefferson City, MO  65102

DATE:  February 13, 2009                    _____/s/ Joseph V. Lesinski_____