IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TODD BECKMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  4:08CV 00862 AGF |
| | ) |
| GREAT NORTHERN INSURANCE | ) |
| COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

SUGGESTIONS PARTLY OPPOSING DEFENDANTS' MOTION
FOR PROTECTIVE ORDER
AND PARTLY CONSENTING TO IT

**I.    INTRODUCTION**

This is an action by Todd Beckman to recover on a casualty insurance policy.  The defendants are denying Beckman's claim under circumstances demonstrating vexatious refusal under Missouri law.

On February 13, 2009, the defendants moved for a protective order seeking to limit the scope of a deposition of their corporate representative which is set, by agreement and notice, for March 3, 2009.  The basis for the motion is that defendants do not want to provide documents and testimony about:  1) other lawsuits and administrative actions involving wrongful denial of first party casualty claims; 2) the defendants' claims handling policies and written manuals; and 3) other claims for casualties on the dates of April 1, 2 and 3, 2006.

1

For purposes of simplifying the representative's deposition, Beckman is withdrawing his request <u>for the present time</u> to depose a representative on other casualty claims for the dates of April 1, 2 and 3 of 2006 (item 11 of the subjects designated within the notice), and withdrawing his request that the defendants produce documents regarding other casualties occurring on these dates (request 7).  However, the other areas of inquiry and documents are discoverable as calculated to lead to the discovery of admissible evidence.  In fact, in a case cited below, one federal judge has already entered a discovery order in different litigation compelling Great Northern Insurance Company to give this same information and the same documents to the plaintiff in that case.  Beckman would agree to a reasonable protective order prohibiting him from disseminating the claims handling materials.

Plaintiff disputes that the defendants have attempted in good faith to address these issues.  The defendants' efforts have been essentially limited to telling the plaintiff's counsel that they will not give this discovery without involving the Court.

**II.	DISCUSSION**

Plaintiff advised the defendants that he intended to take a representative's deposition by letter of November 11, 2008; by letter of January 7, 2009; by notice on or near January 9, 2009 setting the designated representative's deposition for February 12, 2009; and upon defendants' request, by notice of January 16, 2009, setting defendants' representative's deposition for March 3, 2009.  Beckman offered by letters dated February 2, 2009, and February 18, 2009, to consider any means the defendants might suggest for providing the information sought in such a way that it would minimize the

2

impact on defendants; however, defendants did nothing but file the instant motion, which they delayed filing until it would be nearly impossible to resolve it in time to take the deposition which is the subject of this motion. Copies of the February 2, 2009 and February 18, 2009 letters are attached.

The documents that the plaintiff herein seeks and the subjects of proposed inquiry go directly to whether the defendants acted vexatiously in denying Beckman's claim. The defendants' corporate practices and policies are, thus, directly at issue. Moreover, basic information about other instances in which these defendants have litigated allegations of falsely denying claims is one way of seeking evidence demonstrating vexatious conduct in connection with Beckman's claim.

At least one other court, in a case against Great Northern Insurance Company for "bad faith," has held that Great Northern was obligated to provide information about: 1) state administrative actions against it involving "first party benefits"; 2) lawsuits against it involving "first party benefits and bad faith"; and Great Northern's "claims manual or claims manuals." *Brown v. Great Northern Ins. Co.*, Not Reported in F.Supp.2d, 2006 WL 2246408 M.D.Pa., 2006. The court in that case imposed a protective order limiting disclosure of the claims manuals, and Beckman would consent to such an order here. The Court in the *Brown* decision limited discovery of the documents about other lawsuits and the information about administrative actions to "five years prior to the institution of [the *Brown*] action." A copy of the *Brown* decision is attached.

Beckman does not know when the *Brown* suit was filed; however, the discovery order at issue was entered in August, 2006. Presumably Great Northern complied with

3

the order and has therefore already collected and disclosed, under court order, nearly identical information to that which Beckman seeks here. Thus, defendants' contention that they will be put to some great burden in complying with these discovery requests is simply another dodge, and a clumsy one at that.

The *Brown* decision is authority for the proposition that, in a first party action involving allegations of vexatious refusal or bad faith, the federal rules contemplate disclosure of an insurer's claims manual, and evidence of other administrative and civil proceedings relating to first party claims against the defendant insurer. Moreover, the ruling on the *Brown* discovery dispute demonstrates that Great Northern's stated reasons for evading discovery in this action is further evidence of its vexatious delay in connection with Beckman's claim.

### III. CONCLUSION

For reasons set out above, the plaintiff prays that the Court compel defendants to produce a witness to testify about items 6, 7 and 8 within his notice of deposition; and compel defendants to produce the documents requested within requests 4, 5 and 6 of the notice, subject to reasonable limitations on dissemination of the information and subject to any other reasonable limits set by the Court. In this regard, Beckman suggests that the information about other lawsuits and administrative actions be limited to those involving first party claims, and that they involve cases which were on or after February 4, 1999 (seven years before the loss here at issue occurred on or about February 4, 2006), through the present.

BERRY WILSON, L.L.C.


/s  Michael G. Berry
Michael G. Berry, #33790
Marshall V. Wilson, # 38201
304 East High Street, Suite 100
P.O. Box 1606
Jefferson City, MO  65102
(573) 638-7272
(573) 638-2693 (Facsimile)

Attorneys for Plaintiff


CERTIFICATE OF SERVICE

    I hereby certify that I served a copy of the foregoing document upon defendants by mailing a true copy thereof on this 19th day of February, 2009, via prepaid U.S. Mail, to David T. Ahlheim, Joseph Lesinski, Childress & Associates, LLC, 1010 Market Street, Suite 500, St. Louis, Missouri  63101, attorney for defendants.


/s/  Michael G. Berry
Michael G. Berry