MICHAEL G. BERRY
michaelberry@berrywilsonlaw.com

MARSHALL V. WILSON
marshallwilson@berrywilsonlaw.com

TELEPHONE (573) 638-7272

**BERRY WILSON, L.L.C.**
ATTORNEYS AND COUNSELORS AT LAW
304 EAST HIGH STREET, SUITE 100
P.O. BOX 1606
JEFFERSON CITY, MO 65102

CRAIG S. JOHNSON
OF COUNSEL
craigsjohnson@berrywilsonlaw.com

FACSIMILE (573) 638-2693

February 2, 2009

Joseph Lesinski
James W. Childress & Associates, LLC
1010 Market Street, Suite 500
St. Louis, MO 63101

    Re:    Todd Beckman v. Great Northern Insurance Co., et al.
           Case No. 08-CV-0862-AGF

Dear Joe:

    Thanks for taking the time to let me know your clients' position on the subject of two requests for documents and testimony in the plaintiff's notice of deposition of a corporate representative.

    On the issue of other litigation and administrative complaints, the relevance of the subject matter goes to several issues, including but not limited to: 1) whether there has been any pattern or practice by the defendants to deny first party property damage claims on grounds that the insured participated in damaging the property, with insufficient evidence to support the denial on those grounds; 2) whether there has been any pattern or practice by the defendants to deny first party property damage claims on collateral considerations such as the insured's financial condition; and 3) whether there has been any pattern or practice by the defendants to deny first party property damage claims based on the accuracy of information provided by the insured on collateral matters in connection with asserting a claim. This goes to the issue of whether the defendants vexatiously refused to pay the plaintiff's claim.

    I am willing to work with you cooperatively to minimize the inconvenience of collecting this information and producing it in usable format. I have no interest in milling through documents and asking deposition questions that do little to advance Mr. Beckman's case, so whatever you would propose to streamline things will no doubt be well received on this end. At this point I know very little about the defendants' record keeping practices, including electronic storage and the like. Thus, it is possible that we

Joseph Lesinski
February 2, 2009
Page 2

could reach an agreement that the defendants provide a summary of all civil cases and administrative actions falling within the subject matter of my requests for the time being. To serve as a guide to you and your clients, I am most interested in the ones that resulted in findings against the companies; next most interested in cases that resulted in voluntary compliance at the administrative level or settlements of civil suits; and I am interested least of all in lawsuits or administrative complaints that were filed and dismissed without any action.

On the subject of weather events and claims, the relevance of the subject matter goes to the basis that the companies had for canceling Mr. Beckman's coverage. If the companies received a number of storm damage claims at the same time as Mr. Beckman's, and did not cancel coverage, that goes to the issue of whether the cancellation was wrongful.

Here again, I do not know what sort of claims data storage the companies use so I cannot do a very good job of suggesting alternatives. But as with the first subject, I am looking for ways of minimizing the documents involved as much as possible. It is very possible that a report containing the information I am seeking exists or can be prepared from computer records, and I would be receptive to using that as a beginning point. Also, if you are concerned about confidentiality, I would be receptive to either stipulating to a secrecy agreement and protective order providing that policyholder information not be disclosed, or to stipulating to a protective order permitting the companies to redact identifying information.

To conclude with this subject, I ask that you let me know of any proposed solutions you may wish to offer to these requests in advance of filing a discovery motion. It would be very helpful to have from you a brief outline of how this sort of information is stored by the defendants so we can work cooperatively toward a solution that meets the objectives of our respective clients. Also, the deposition is noticed for March 3, and thus, if your clients do not wish to cooperate, the time to present this issue to the Court and get a ruling is growing short.

I am also working on making witnesses available voluntarily for you to depose. Because of Mr. Bartlett's schedule, I am not sure that can be completely accomplished by the end of February but we'll try. I will keep you informed on our progress in that regard.

Thank you.

Joseph Lesinski
February 2, 2009
Page 3

                Very truly yours,

                BERRY WILSON, L.L.C.

                */s/ Michael G. Berry*
                Michael G. Berry

MGB:ls
cc:    Todd Beckman